**Kimberly J. BUNKE, Plaintiff,**

v.

**ALABAMA BOARD OF NURSING STATE OF ALABAMA; et al., Defendants.**

Civ. A. No. CV–94–A–1007–N.

United States District Court,
M.D. Alabama,
Northern Division.

Dec. 6, 1994.

Daniel R. Farnell, Montgomery, AL, for plaintiff.

Randolph P. Reaves, Montgomery, AL, for defendants.

Mark D. Wilkerson, pro se.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

## I. INTRODUCTION

This cause is before the court on Defendant's Motion to Dismiss, dated August 16, 1994.

Plaintiff, Kimberly Bunke ("Bunke"), is a Registered Nurse and as such is licensed by the Alabama Board of Nursing ("the Board"). Ms. Bunke filed this suit in the Middle District of Alabama on August 2, 1994, asking for an injunction that would prevent the Board from holding a disciplinary hearing to determine whether Ms. Bunke will keep that license. Bunke claims that the individual employed by the Board to preside over the disciplinary hearing, Mr. Mark Wilkerson ("Wilkerson"), should be disqualified because of a conflict of interest. According to plaintiff, Wilkerson's past and current employment by the State creates at least the appearance of a conflict, in that the State of Alabama, and more specifically the Board, is her adversary in the proposed disciplinary proceeding.

Bunke claims that Wilkerson's appointment, by denying her an impartial arbiter, violates her constitutional rights to due process and violates § 41–22–18 of the *Code of Alabama*. For the reasons set forth below, the court finds that Defendant's Motion to Dismiss the Complaint is due to be GRANTED.

## II. FACTS

Kimberly Bunke is a registered nurse and as such holds a license issued by the Nursing Board. Pursuant to Alabama law, the Board regulates the practice of nursing in the state. § 34–21–1, et seq., *Code of Alabama*. Ms. Bunke was officially charged by the Board with unprofessional conduct on May 22, 1994. This charge is now pending a disciplinary hearing. The Board employs Mr. Wilkerson to preside over disciplinary hearings such as the one currently pending against Ms. Bunke. Ms. Bunke seeks to have Wilkerson disqualified because she alleges his close association with the State creates a conflict of interest, or at least creates an impermissible appearance of a conflict.

As evidence of Wilkerson's connections to the State, Bunke points to several items. For example, she notes that the billing notation on Wilkerson's facsimile (fax) transmission sheet states in the "client" line "Board of Nursing." She also states that Wilkerson represented the Governor of Alabama in a Title VII case that was settled in June, 1992. Finally, she points to the Martindale–Hubbell entry for Wilkerson which lists the Alabama Board of Nursing as a "representative client."

## III. STANDARD OF REVIEW

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *see also Wright v. Newsome,* 795 F.2d 964, 967 (11th Cir.1986) (citation omitted) ("[W]e may not … [dismiss] unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims in the complaint that would entitle him or her to relief."). The court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the non-moving party. *Hishon,* 467 U.S. at 73, 104 S.Ct. at 2232. Moreover, the court is aware that the threshold that a complaint must meet to survive a motion to dismiss for failure to state a claim is "exceedingly low." *Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985) (citation omitted).

## IV. ANALYSIS

Plaintiff contends that the appointment of Mr. Wilkerson as hearing officer in this case violates her right to due process. According to plaintiff's argument, Wilkerson, because of his association with and employment by the Board is not capable of discharging his function in an impartial manner.

There is no question that the proceeding instituted by the Board implicates plaintiff's due process rights. *Delavan v. Brd. of Dental Examiners of Alabama,* 620 So.2d 13, 16 (Ala.Civ.App.1993). As stated in *Delavan,*

"[i]t is well settled in Alabama that due process must be observed by all boards as well as courts." *Id.* It is also well established that "[a]t a minimum, due process assures notice and a meaningful opportunity to be heard before a right or an interest is forfeited." *Johnson v. U.S.D.A.,* 734 F.2d 774, 782 (11th Cir.1984) (citing *Mathews v. Eldridge,* 424 U.S. 319, 333, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976)). As courts in Alabama have phrased it, in situations such as these the process that is due includes at least "adequate notice and a reasonable opportunity to prepare a defense with the assistance of counsel." *Delavan,* 620 So.2d at 16. The courts have also noted that the requirement of a hearing is no guarantee of due process where the presiding officer is not neutral. As stated in *Johnson,* "[a] fair hearing requires an impartial arbiter." *Johnson,* 734 F.2d at 782, *see also, Gibson v. Berryhill,* 411 U.S. 564, 578, 93 S.Ct. 1689, 1697, 36 L.Ed.2d 488 (1973).

Alabama law makes explicit provision for due process of law in actions by boards coming under its provisions. § 41–22–1 et seq., *Code of Alabama.* As mandated by the courts, § 41–22–12 guarantees a hearing and the opportunity to prepare a defense with the assistance of counsel. § 41–22–12 *Code of Alabama.* Alabama law also addresses the need for an impartial presiding officer. § 41–22–18(a) *Code of Alabama.* According to this section, a person may not serve as a hearing officer if that person has

> prosecuted or represented a party in connection with that case, the specific controversy underlying that case or another pending factually related contested case, or pending factually related controversy that may culminate in a contested case involving the same parties. Nor shall any such person be subject to the authority, direction or discretion of any person who has prosecuted or advocated in connection with that contested case the specific controversy underlying that contested case, or pending factually related contested case or controversy, involving the same parties. *Id.*

Subsection 41–22–18(b) provides a procedure that a party follows in order to have an officer disqualified based on a conflict. § 41–21–18(b) *Code of Alabama.*

Having set forth the importance of guaranteeing due process in administrative procedures, though, courts have also noted that while these hearings may be quasi-judicial, "[b]road discretion must be afforded in nonjudicial administrative settings." *Delavan,* 620 So.2d at 16. This is especially so in cases such as this where the decisions of an administrative body such as the Nursing Board, are subject to judicial review. § 41–22–20(a) *Code of Alabama, Smith v. Organ. of Foster Families for Equality and Reform,* 431 U.S. 816, 97 S.Ct. 2094, 53 L.Ed.2d 14 (1977).

Plaintiff's complaint (¶ 17) alleges that "proof of actual bias of the hearing officer is unnecessary for disqualification." This is the basic flaw in the complaint. The plaintiff does not allege that Wilkerson is biased but seeks to have him disqualified merely because of his relationship with the Board and alleged past representation of the State of Alabama.

Courts have held, however, that it is the plaintiff's burden in a situation such as this to show actual bias on the part of the hearing officer. *Burney v. Polk Comm. College,* 728 F.2d 1374, 1378 n. 11 (11th Cir. 1984); *Evers v. Brd. of Med. Examiners,* 516 So.2d 650, 654 (Ala.Civ.App.1987), *appeal dismissed* 486 U.S. 1001, 108 S.Ct. 1723, 100 L.Ed.2d 188 (1988). Absent a showing of bias, the officer is presumed to be impartial. *Schweiker v. McLure,* 456 U.S. 188, 195, 102 S.Ct. 1665, 1669, 72 L.Ed.2d 1 (1982), *Johnson,* 734 F.2d at 783, *Black v. City of Auburn,* 857 F.Supp. 1540, 1547 (M.D.Ala.1994). Bias is most readily apparent where the hearing officer has a pecuniary interest in the outcome of the matter. *See, e.g., Gibson,* 411 U.S. at 578, 93 S.Ct. at 1697.

*Gibson* concerned action by the Alabama Board of Optometry to revoke the licenses of optometrists who were employed by business corporations. In that case, however, the District Court had concluded that the financial interests of the members of the Board, all optometrists in private practice, were clearly in conflict with the plaintiffs. *Id.* In fact, according to the court, "the success of the

Board [in revoking the licenses of optometrists employed by business corporations] would possibly redound to the personal benefit of members of the Board ..." *Id.*

Other cases have held that the mere fact that there are connections between the hearing officer and the governing Board does not give rise to a presumption of bias or a violation of due process. *Evers,* 516 So.2d at 654. In *Evers,* a doctor facing misconduct charges alleged a due process violation by the Board of Medical Examiners. The Board had investigated complaints against Evers and had filed charges with the State Medical Licensure Commission. The Board's general counsel served as the legal advisor to the Board and as a prosecutor in a license revocation hearing before the Commission. The Board's assistant general counsel served as the hearing officer for the Commission as well as the legal advisor to that body. Despite these intimate connections, the court found no due process violation. *Id.* at 653. Additionally, contact with a board by the hearing officer during deliberations by that board has also been held not to be a violation of due process absent a showing that the officer attempted to influence the board's deliberations improperly. *Delavan,* 620 So.2d at 17.

The Eleventh Circuit, in a case whose facts bear some similarity to the instant case, allowed a board to appoint their regular attorney to serve as a hearing officer in a proceeding concerning the dismissal of a teacher. *Holley v. Seminole County School District,* 755 F.2d 1492 (11th Cir.1985). According to the court, because the plaintiff "has not shown any actual bias" on the part of [the attorney], we hold that the fact that [the attorney] sat as hearing examiner ... does not violate due process. *Holley,* 755 F.2d at 1497.

In fact, the Eleventh Circuit has upheld a state administrative body's choice of one of its own members to serve as hearing officer absent proof of actual bias. *Burney,* 728 F.2d 1374. In *Burney* a state college board of trustees appointed one of its members to serve as a hearing officer in a proceeding that dealt with the dismissal of a tenured guidance counselor. After the hearing, the officer issued a proposed order that supported the president's recommendation promoting a due process challenge by the counselor. The court ruled that plaintiff's due process challenge could not succeed where plaintiff could point to no evidence of actual bias. *Burney,* 728 F.2d at 1378 n. 11.

Additionally, the former Fifth Circuit held that, in order to support a disqualification, "[t]he record must support actual partiality of the body or its individual members. In the absence of evidence to the contrary, we must assume therefore that [the hearing officer] acted independently." *Megill v. Board of Ed. of the State of Fla.,* 541 F.2d 1073, 1079 (5th Cir.1976) (internal quotation marks and citations omitted).[1]

■ The issue, then, is whether the facts as alleged by Ms. Bunke, which do not include allegations of actual bias, create enough of a question as to Wilkerson's impartiality to survive a motion to dismiss. The court finds that under the established law in this circuit and in the Alabama courts, they do not. Although Wilkerson has, in the past, worked for the State, it is clear that he does not currently represent the State on any matters other than in his capacity as hearing officer for the Board. Additionally, the matters in which he was involved are in no way related to his work as the Board's hearing officer. The instant case involves a license revocation proceeding for professional misconduct, his previous work involved the defense in a Title VII matter. The complaint contains no allegations that Wilkerson has carried out his duties in an improper or biased fashion. The court will not presume that he will not in the future act in an impartial manner.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss is due to be GRANTED.

---

1. In *Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit held as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

A separate order will be entered in accordance with this Memorandum Opinion.