Ferrell Horn, a licensed counselor, appeals from the circuit court's affirmance of a decision of the Alabama Board of Examiners in Counseling. The Board found Horn in violation of § 34-8A-16(a)(2), Ala. Code 1975; it suspended her license for one year and required her to successfully complete a graduate level ethics course. The Board further ordered that after Horn had successfully completed the course, her suspension would be stayed and she could resume her counseling practice, with bi-weekly supervision by another licensed counselor and quarterly review for compliance by the Board.
Horn's suspension resulted primarily from her developing a "dual relationship" with a client whom she had counseled intermittently for a 20-year period and failing to follow established guidelines. The client testified that she received counseling in the early 1970's; that she discontinued the sessions around 1988; and that she resumed counseling, with several sessions in 1993, after Horn's husband requested that she sit with Horn during Horn's recuperation from surgery. The client further testified that she had prepared meals for Horn and her husband and had maintained regular contact with Horn, either in person or by telephone from March through December 1993. After receiving a bill in December 1993 for $1,306, she met with Horn to discuss the bill and subsequently contacted the Board, disputing the validity of the counseling charges. The client stated that many of the billed hours were for telephone conversations that she had considered a part of her friendship with Horn, rather than "official counseling sessions."
Horn testified that she had developed a friendship with the client over the 20-year period, but that she felt she had the ability to separate this dual relationship during the time she provided counseling services. Horn stated that she had made deductions for personal services provided by the client and had charged one-half of her usual billing rate for their telephone conversations. Horn admitted that she had not told the client when billed hours were occurring; that she had not provided a monthly statement of services as she had done in the past; and that she had accepted personal services from the client.
On appeal, Horn contends: (1) that the hearing officer improperly admitted as evidence a tape recording made by the client; and (2) that she was denied her constitutional due process rights because a previous lawsuit by her against the Board may have prejudiced the Board and because "the Attorney General, through his assistants, was both the hearing officer and the prosecutor."
Our review of the court's decision regarding administrative hearings is limited in scope. Its decision will be affirmed unless it is arbitrary, capricious, or not in compliance with applicable law. See State Dep't of Revenue v. Acker,636 So.2d 470 (Ala.Civ.App. 1994). It appears from the record that there was substantial testimony to support the Board's findings, without reliance upon the tape recording. In addition, Horn was afforded an opportunity to hear the recording before it was admitted and to prepare a cross-examination. Further, the hearing officer had the discretion to admit the recording for its probative value and was not bound by the strict rules of evidence. § 41-22-12, -13, Ala. Code 1975; See also, Duncan v.State Dep't of Human Resources, 627 So.2d 427
(Ala.Civ.App. 1993).
Regarding Horn's second allegation, we conclude that the Board's actions did not deny Horn due process. As we stated inDelavan v. Board of Dental Examiners, 620 So.2d 13, 16
(Ala.Civ.App. 1992): "It is well settled in Alabama that due process must be observed by all boards, as well as the courts. The requirements of due process include adequate notice and a reasonable opportunity to prepare a defense with the assistance of counsel." (Citation omitted.) There is no evidence that the Board was aware of Horn's previous lawsuit or that the knowledge of that lawsuit would have interfered with its ability to provide an impartial and fair hearing. Also, there is no evidence that a conflict of interest resulted from the fact that the *Page 95 
prosecutor and the hearing officer were both employed by the attorney general's office, because the actual decision regarding Horn's suspension was rendered by the Board. SeeEvans v. State Board of Chiropractic Examiners, 662 So.2d 262
(Ala.Civ.App. 1994); Withrow v. Larkin, 421 U.S. 35,95 S.Ct. 1456, 43 L.Ed.2d 712 (1975).
Horn contends in her reply brief that the Board violated § 34-8A-18, Ala. Code 1975, which states that the district attorney shall prosecute all violations of the code of ethics adopted by the Board. While this contention may have been validly raised on appeal to the circuit court, we will not consider its merit because it was not raised by Horn in her initial brief filed in this court, but was raised here for the first time in her reply brief. See C S Family Credit ofAlabama, Inc., v. McNairy, 613 So.2d 1232 (Ala. 1992).
The record supports the findings of the Board, and we agree with the trial court that the action of the Board is due to be upheld.
AFFIRMED.
ROBERTSON, PJ., and CRAWLEY, J., concur.