739 So.2d 8 (1997)
ALABAMA REAL ESTATE APPRAISERS BOARD and the State of Alabama
v.
James WALKER.
2960804.
Court of Civil Appeals of Alabama.
December 5, 1997.
Rehearing Denied January 30, 1998.
*9 Bill Pryor, atty. gen., and Tori L. Adams-Burks, asst. atty. gen., for appellants.
E. Allen Dodd, Jr., of Scruggs, Jordan, Dodd & Dodd, P.A., Fort Payne, for appellee.
ROBERTSON, Presiding Judge.
The Alabama Real Estate Appraisers Board (hereinafter "the Board") and the State of Alabama appeal from a judgment of the DeKalb County Circuit Court finding that the Board's use of an assistant attorney general as its hearing officer and a different assistant attorney general as its prosecutor violates § 41-22-18(a), Ala. Code 1975. We dismiss the appeal as to the State of Alabama; as to the Board, we affirm.
In 1995, the Board initiated disciplinary proceedings against James Walker, alleging that Walker had committed various violations of Board-approved standards and of rules of professional conduct governing real estate appraisers. After notice of these proceedings was given to Walker, the Board conducted a hearing on the charges against him, and it subsequently entered an order subjecting Walker to various disciplinary sanctions, including a fine and a suspension of his license. At Walker's hearing, an assistant attorney general acted as the prosecuting attorney for the Board. The "prosecutor" was responsible for presenting evidence at the hearing tending to show Walker's culpability. Another assistant attorney general was assigned by the attorney general to serve as a hearing officer in contested cases before the Board, ruling upon legal, evidentiary, and procedural issues arising during the hearing. The hearing officer did not participate in the Board's deliberations, nor did he prepare a proposed order or proposed findings of fact.
Walker appealed from the Board's decision by filing a petition for judicial review in the DeKalb County Circuit Court. Named as defendants in Walker's petition were the Board and the State of Alabama. In his petition for judicial review, Walker alleged, among other things, that the Board's ruling was unreasonable, arbitrary, and capricious, because the Board had permitted an attorney employed by the attorney general to act as the Board's hearing officer while employing as prosecutor another attorney employed by the attorney general. The trial court granted the State's motion to dismiss it as a party, based upon § 14 of the Alabama Constitution of 1901, but denied the Board's motion to dismiss the appeal in its entirety or, in the alternative, to change venue.
The trial court received briefs from the parties and, thereafter, it entered a judgment in favor of Walker on the basis that the Board "violated the requirements of the [Alabama] Administrative Procedures Act and also violated [Walker]'s due process rights by permitting a representative from the Attorney General's Office to serve as the hearing officer while another *10 representative of the Attorney General's Office was serving as the prosecuting attorney for the Board." The trial court concluded that it was "immaterial" that two different assistants performed these duties, citing § 36-15-17, Ala.Code 1975, which provides, among other things, that the performance of the attorney general's duties by assistant attorneys general "shall have the same force and effect as if performed by the attorney general."
The Board moved to amend or to vacate this judgment, attaching evidentiary exhibits to, and presenting legal authorities in, its motion. The Board's motion cited, among other cases, this court's opinion in Horn v. Board of Examiners in Counseling, 689 So.2d 93 (Ala.Civ.App.1996), for the proposition that the employment by an administrative agency of two different attorneys from the office of the attorney general, one as prosecutor and the other as hearing officer, did not constitute a conflict of interest that violated the guarantee of due process. The trial court amended its judgment so as to delete its finding of a due process violation, citing Horn.[1] However, the trial court reaffirmed its finding that the Board's practice of employing two assistant attorneys general to serve in each case, one as a prosecutor and the other as a hearing officer, violates § 41-22-18(a), a portion of the Alabama Administrative Procedure Act ("AAPA"). The Board and the State appeal from the judgment as amended.
Although the State is named as an appellant in the notice of appeal, we can discern no adverse ruling made by the trial court as to it that would support an appeal; its pre-answer motion to dismiss was granted by the trial court. As this court stated in Mobile Fuel Shipping, Inc. v. Scott, 375 So.2d 796 (Ala.Civ.App.1979), "The dismissal of the plaintiff's case, in this instance, was clearly in favor of the defendant such that the defendant was not aggrieved or prejudiced in any way thereby. Thus, there is no adverse ruling about which the defendant can complain [, and] there is no justiciable controversy for this court to decide." 375 So.2d at 797. The appeal, therefore, is dismissed as to the State.
The Board contends that the trial court erred in (1) declaring that the Board's practice of employing two assistant attorneys general as prosecutor and hearing officer violates § 41-22-18(a), and (2) concluding that Walker had properly raised in the Board hearing the impropriety of this practice. That the Board followed this practice in Walker's case is not in dispute, and there is likewise no dispute as to the contents of Walker's transcribed objection in the Board proceedings. "Because the trial court's [rulings were] not dependent on any findings of fact, the ore tenus standard of review is not applicable.... Thus, our review involves a pure question of law, and our review is de novo." Roberts Health Care, Inc. v. State Health Planning & Dev. Agency, 698 So.2d 106, 109 (Ala.1997); see also Ala. Code 1975, § 34-27A-22(b) (final decisions and orders of the Board are "reviewable by a court of appropriate jurisdiction as to the questions of law only").
Ala.Code 1975, § 41-22-18(a), provides:
"No individual who participates in the making of any proposed order or final decision in a contested case shall have prosecuted or represented a party in connection with that case, the specific controversy underlying that case, or another pending factually related contested case, or pending factually related controversy that may culminate in a contested case involving the same parties. Nor shall any such individual be subject *11 to the authority, direction or discretion of any person who has prosecuted or advocated in connection with that contested case, the specific controversy underlying that contested case, or a pending factually related contested case or controversy, involving the same parties."
(Emphasis added.) Thus, in contested cases before administrative agencies, the AAPA forbids an "individual" who (1) has prosecuted or represented a party in the same proceeding or in related proceedings, or (2) is subject to the control of another person who has prosecuted or represented a party in the same proceeding or in related proceedings, from participating in the making of proposed orders or in the rendering of final decisions of an administrative agency.
In Walker's disciplinary proceeding, the Board employed an assistant attorney general as its hearing officer and another assistant attorney general as its prosecutor. Under Alabama law, the attorney general is empowered to direct his or her assistants to render official opinions or to "perform such other duties as may be directed by the attorney general." Ala.Code 1975, § 36-15-17. Moreover, as the trial court noted, § 36-15-17 provides that the performance of duties by an assistant attorney general shall have the same force and effect as if performed by the attorney general personally. Furthermore, the Board has not shown that the legislature, when drafting § 36-15-17, intended that it should not be applied to the attorney general's performance of functions for state administrative agencies.
Construing § 41-22-18(a) and § 36-15-17 together, we conclude that the trial court correctly opined that in Walker's case, the attorney general constituted an "individual," within the scope of § 41-22-18(a), that both prosecuted Walker and participated in the Board's rendering of its final decision. As aptly noted by the trial court in its judgment:
"The problem in this case is that the prosecutorial function and part of the judicial function were embodied in the same personthe attorney general. The judicial function was exercised jointly by the Board and the hearing officer, and while the hearing officer was not involved in the deliberations that led to a final decision, his participation in the decision-making process was such that he cannot be excluded from the requirement of the statute [§ 41-22-18(a)] that seeks to separate the judicial and prosecutorial functions.
"The hearing officer in this case ruled upon numerous objections regarding procedural and evidentiary issues. At one point, he ruled that a Board member who came into the hearing late would be entitled to participate but would be required to read the transcript of the proceedings he missed. He ruled on the qualifications of certain witnesses to testify as experts, and he instructed the Board members on two occasions during the hearing that they were entitled to consider certain matters in their deliberation.

"When the prosecutor rested the state's case, counsel for [Walker] moved for a directed verdict on various grounds, and the hearing officer denied the motion. The motion was renewed by [Walker] at the conclusion of all the evidence and the hearing officer again denied the motion. Prior to the hearing, the hearing officer had denied the request of appellant to take the deposition of the complainant, and near the end of the hearing ruled that the deposition of another witness which [Walker] wished to procure and submit to the board would not be permitted."
(Emphasis added.) Both the prosecutor and the hearing officer were assistant attorneys general, and therefore acted as the alter ego of the attorney general, a single "individual." Moreover, the attorney general, acting through the hearing officer, "participated in the making of a final decision" in Walker's case by determining that the evidence presented by the prosecutor *12 was sufficient to present a question of fact and that Walker was therefore not entitled to a judgment as a matter of law during the Board proceeding. We therefore conclude that the trial court correctly construed § 41-22-18(a) to prevent the Board's practice in contested cases of employing the attorney general, acting through two assistants, to serve as both the prosecutor and the hearing officer.
The dissenting opinion would reverse the judgment of the trial court because Walker failed to prove "actual bias" on the part of the hearing officer. However, § 41-22-18(a), upon which the trial court's judgment is based, contains no such absolute requirement. As the commentary to that section notes, "[§ 41-22-18] also seeks to insure the fairness of a hearing in a contested case by providing a description of what might constitute a disqualifying condition in an agency member to judge and by providing for the exclusion of individuals who may be biased under these criteria from the judging function" (emphasis added). Here, where a hearing officer, albeit not an agency member, performs judging functions despite a potential disqualifying condition, § 41-22-18(a) mandates exclusion of that officer. In this regard, the legislature, in enacting the AAPA, has chosen to foster public trust in agency decisionmaking by prohibiting not only actual impropriety, but even the appearance of impropriety, and this court is not at liberty to disregard that choice.
The Board further contends that Walker failed to preserve this issue, by failing to make a "proper specific objection" to the Board's practice of employing one assistant attorney general as the prosecutor and another as the hearing officer. At the beginning of Walker's hearing before the Board, his counsel stated:

"My second objection is that there is an assistant attorney general prosecuting for the Board, and an assistant attorney general acting as the hearing officer in the case. I do not mean to suggest any impropriety. I'm quite happy to have Mr. Davis [the hearing officer] hearing the matter. But, I do note for the record that we object to proceeding in this fashion."

(Emphasis added.)
In jury trials, "[t]he purpose of requiring a specific objection to preserve an issue for appellate review is to put the trial judge on notice of the alleged error, giving an opportunity to correct it before the case is submitted to the jury." Ex parte Works, 640 So.2d 1056, 1058 (Ala.1994). By analogy, an objection in an administrative proceeding will be sufficient to preserve an issue for appellate review if it puts the agency (or its delegated hearing officer) on notice of the alleged error and affords the officer an opportunity to correct it before the agency enters its final order.
Although Walker's counsel phrased his objection in a diplomatic manner in an effort to avoid offending the hearing officer, his objection was noted by the hearing officer on the record, and the content thereof could not fail to place the hearing officer on notice that Walker was challenging the attorney general's serving as both hearing officer and prosecutor. We therefore agree with the trial court that Walker's objection adequately preserved for appellate review the propriety of the attorney general's serving as both hearing officer and prosecutor.
Based upon the facts of this case and the authorities cited above, we dismiss the appeal as to the State, and, as to the Board, we affirm the judgment of the trial court.
APPEAL DISMISSED AS TO THE STATE; AFFIRMED AS TO THE REAL ESTATE APPRAISERS BOARD.
YATES and MONROE, JJ., concur.
CRAWLEY and THOMPSON, JJ., dissent.
*13 THOMPSON, Judge, dissenting.
The attorney general is a constitutional officer charged with the responsibility of protecting the public interest. The attorney general commands a large staff, with close to 200 assistant attorneys general, who can be assigned in a manner designed to accomplish this objective with optimum effectiveness. I cannot agree with the majority that for all purposes all assistant attorneys general and the attorney general are to be construed as alter egos of each other. In fact, because of the unique status of the office of attorney general, it is not at all uncommon for the separate members of the staff of the attorney general to find themselves serving in conflicting capacities during litigation. See Ex parte Weaver, 570 So.2d 675 (Ala.1990) (assistant attorney general representing commissioner of insurance filed an appeal from a judgment, and attorney general moved to dismiss the appeal); Horn v. State Bd. of Examiners in Counseling, 689 So.2d 93 (Ala.Civ.App.1996) (separate members of attorney general's staff served as hearing officer and prosecutor in counselor's suspension hearing).
Further, I do not agree that the separate members of the staff of the attorney general are to be construed as a single individual or entity for the purposes of Ala.Code 1975, § 41-22-18. I also do not find that Assistant Attorney General Davis, serving as hearing officer in this matter, was under the control of the assistant attorney general who served as the prosecutor for the board in this matter.
The majority bases its opinion on a literal interpretation of the wording of Ala. Code 1975, § 41-22-18(a). As the majority points out, however, the hearing officer in this matter performed none of the prohibited activities set forth in the statute. He neither prepared a proposed order nor participated in the rendering of a final decision. These actions were performed solely by the members of the board. The role played by Assistant Attorney General Davis in this case was simply to preside over the hearing. The Board members themselves were present at the hearing and they heard the evidence ore tenus. I find no violation of Ala.Code 1975, § 41-22-18.
I recognize that the trial court amended its final order to delete its finding of a due process violation. However, I conclude that in the absence of an actual violation of Ala.Code 1975, § 41-22-18, Walker bears the burden of showing actual bias on the part of the hearing officer. Here, Walker clearly stated in his verbal objection that he was not suggesting "any impropriety." Thus, it is undisputed that no actual bias or prejudice was alleged. A review of both federal and state caselaw precedent reveals that most similar objections have been decided on constitutional issues of failure of due process and have been generally resolved in favor of the agencies and the assistant attorneys general, in the absence of a showing of actual bias. See, e.g., Evers v. Board of Medical Examiners, 516 So.2d 650 (Ala.Civ.App.1987); Evans v. State Bd. of Chiropractic Examiners, 662 So.2d 262 (Ala.Civ.App.1995); Bunke v. Alabama Board of Nursing, 871 F.Supp. 1437, 1439 (M.D.Ala.1994). "Courts have held ... that it is the plaintiff's burden in a situation such as this to show actual bias on the part of the hearing officer." Bunke, 871 F.Supp. at 1439. "Absent a showing of bias the officer is presumed to be impartial." Id. I am mindful of the "presumption of honesty and integrity" vested "in those serving as adjudicators" and the heavy burden of persuasion that those challenging the qualifications of hearing officers must overcome. Evans, 662 So.2d at 264. In addition, "broad judicial discretion must be afforded in non-judicial settings." Id. (quoting Delavan v. Board of Dental Examiners, 620 So.2d 13 (Ala.Civ.App.1992)). "This is especially so in cases such as this where the decisions of an administrative body ... are subject to judicial review." Bunke, 871 F.Supp. at 1439. (Citations omitted.) Here, Assistant Attorney General Davis *14 was merely presiding over the hearing and did not participate in rendering a proposed order or final decision. Further, no evidence was presented to demonstrate that the hearing officer was influenced in any way by the assistant attorney general prosecuting the case.
I find no error in this case, in having separate members of the attorney general's staff serve as prosecutor and hearing officer. I further find no violation of Ala. Code 1975, § 41-22-18, and no evidence of bias in the record on appeal. Therefore, I must respectfully dissent.
CRAWLEY, J., concurs.
NOTES
[1] Because the trial court disavowed reliance upon due process as a rationale for reversing the Board's order, and because Walker does not argue this ground as a basis for affirming the trial court's judgment, we are not called upon to consider whether Horn would allow an attorney general in every case to dispatch two assistants to prosecute and adjudicate contested cases before state administrative boards.