PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CIVIL APPEALS
James Walker appealed to the circuit court from a decision by the Alabama Real Estate Appraisers Board (hereinafter "the Board") to subject him to certain disciplinary sanctions. Walker contended, among other things, that the Board's use of an assistant attorney general as its hearing officer and another assistant attorney general as its prosecutor violated §41-22-18(a), Ala. Code 1975. The circuit court held that this practice violated the statute. The Board and the State appealed to the Court of Civil Appeals; that court affirmed. See Alabama Real Estate *Page 15 
Appraisers Board v. Walker, 739 So.2d 8 (Ala.Civ.App. 1997). We granted the Board's petition for certiorari review. We reverse and remand.
The Court of Civil Appeals set out the following pertinent facts:
 "In 1995, the Board initiated disciplinary proceedings against James Walker, alleging that Walker had committed various violations of Board-approved standards and of rules of professional conduct governing real estate appraisers. After notice of these proceedings was given to Walker, the Board conducted a hearing on the charges against him, and it subsequently entered an order subjecting Walker to various disciplinary sanctions, including a fine and a suspension of his license. At Walker's hearing, an assistant attorney general acted as the prosecuting attorney for the Board. The `prosecutor' was responsible for presenting evidence at the hearing tending to show Walker's culpability. Another assistant attorney general was assigned by the attorney general to serve as a hearing officer in contested cases before the Board, ruling upon legal, evidentiary, and procedural issues arising during the hearing. The hearing officer did not participate in the Board's deliberations, nor did he prepare a proposed order or proposed findings of fact.
 "Walker appealed from the Board's decision by filing a petition for judicial review in the DeKalb County Circuit Court. Named as defendants in Walker's petition were the Board and the State of Alabama. In his petition for judicial review, Walker alleged, among other things, that the Board's ruling was unreasonable, arbitrary, and capricious, because the Board had permitted an attorney employed by the attorney general to act as the Board's hearing officer while employing as prosecutor another attorney employed by the attorney general. The trial court granted the State's motion to dismiss it as a party, based upon § 14 of the Alabama Constitution of 1901, but denied the Board's motion to dismiss the appeal in its entirety or, in the alternative, to change venue.
 "The trial court received briefs from the parties and, thereafter, it entered a judgment in favor of Walker on the basis that the Board `violated the requirements of the [Alabama] Administrative Procedure Act and also violated [Walker]'s due process rights by permitting a representative from the Attorney General's Office to serve as the hearing officer while another representative of the Attorney General's Office was serving as the prosecuting attorney for the Board.' The trial court concluded that it was `immaterial' that two different assistants performed these duties, citing § 36-15-17, Ala. Code 1975, which provides, among other things, that the performance of the attorney general's duties by assistant attorneys general `shall have the same force and effect as if performed by the attorney general.'
 "The Board moved to amend or to vacate this judgment, attaching evidentiary exhibits to, and presenting legal authorities in, its motion. The Board's motion cited, among other cases, this court's opinion in Horn v. Board of Examiners in Counseling, 689 So.2d 93
(Ala.Civ.App. 1996), for the proposition that the employment by an administrative agency of two different attorneys from the office of the attorney general, one as prosecutor and the other as hearing officer, did not constitute a conflict of interest that violated the guarantee of due process. The trial court amended its judgment so as to delete its finding of a due process violation, citing Horn.[1] *Page 16 
However, the trial court reaffirmed its [holding] that the Board's practice of employing two assistant attorneys general to serve in each case, one as a prosecutor and the other as a hearing officer, violates § 41-22-18(a), a portion of the Alabama Administrative Procedure Act (`AAPA'). The Board and the State appeal from the judgment as amended."
Walker, 739 So.2d at 10. The Court of Civil Appeals dismissed the State's appeal, Walker, 739 So.2d at 12, and the State is not a party in this certiorari proceeding. Because the trial court and the Court of Civil Appeals concluded that the Board had violated § 41-22-18(a), neither court addressed Walker's other arguments.
As the Court of Civil Appeals stated, the review in this case is de novo because it involves a question of law only.
 "`Because the trial court's [rulings were] not dependent on any findings of fact, the ore tenus standard of review is not applicable . . . . Thus, our review involves a pure question of law, and our review is de novo.' Roberts Health Care, Inc. v. State Health Planning Dev. Agency, 698 So.2d 106, 109 (Ala. 1997); see also Ala. Code 1975, § 34-27A-22(b) (final decisions and orders of the Board are `reviewable by a court of appropriate jurisdiction as to the questions of law only')."
Walker, 739 So.2d at 10.
The Board contends that the Court of Civil Appeals erred (1) in holding that the Board's practice of employing two assistant attorneys general as prosecutor and hearing officer violates § 41-22-18(a), and (2) in concluding that in the hearing Walker had properly objected to the impropriety of the practice.
Section 41-22-18(a) provides:
 "(a) No individual who participates in the making of any proposed order or final decision in a contested case shall have prosecuted or represented a party in connection with that case, the specific controversy underlying that case, or another pending factually related contested case, or pending factually related controversy that may culminate in a contested case involving the same parties. Nor shall any such individual be subject to the authority, direction or discretion of any person who has prosecuted or advocated in connection with that contested case, the specific controversy underlying that contested case, or a pending factually related contested case or controversy, involving the same parties."
(Emphasis added.) Therefore, the statute prohibits an "individual" who (1) has prosecuted or represented a party in connection with a contested case (or a factually related case), or (2) is subject to the control of another person who has prosecuted or represented a party in connection with a contested case (or a factually related case), from participating in the making of a proposed order or final decision.
Walker argues that the Board violated the statute because the hearing officer and the prosecuting attorney are the same "individual" for purposes of the statute because they are both controlled by the attorney general under § 36-15-17, Ala. Code 1975. He contends that this "individual" violated the statute by participating in the making of the final decision when that "individual" had ruled on evidentiary matters, decided whether certain witnesses could be deposed, and ruled on Walker's motion for a directed verdict.
Even assuming, arguendo, that § 36-15-17 makes the prosecutor and the hearing officer the same "individual," we cannot conclude that the Board violated the statute. Only Board members participated in preparing a proposed order and rendering a final decision. The Board members deliberated outside of the presence of the hearing officer and the prosecutor. They made their decision and prepared an *Page 17 
order without the assistance of either the hearing officer or the prosecutor. Therefore, the person Walker alleges to be the "individual" he says violated the statute did nothing to trigger the statute, because the statute is directed only to an "individual who participates in the making of a proposed order or final decision."
We find it unnecessary to address the Board's second contention because we conclude that the Board's practice did not violate § 41-22-18(a). Accordingly, the judgment of the Court of Civil Appeals is reversed and the case is remanded. The Court of Civil Appeals is instructed to remand this case so that the circuit court may rule on the other arguments raised by Walker in his appeal to that court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Hooper, C.J., and Maddox, Houston, See, and Brown, JJ., concur.
Kennedy and Cook, JJ., dissent.
[1] Because the trial court disavowed any reliance upon due-process law as a rationale for reversing the Board's order, and because Walker does not argue this ground as a basis for upholding the trial court's judgment, we are not called upon to consider whether Horn would allow the attorney general in every case to dispatch two assistants to prosecute and to adjudicate contested matters before state administrative boards.