824 So.2d 763 (2001)
J.L. PURCELL
v.
ALFA MUTUAL INSURANCE COMPANY.
2000015.
Court of Civil Appeals of Alabama.
July 13, 2001.
Rehearing Denied September 21, 2001.
Certiorari Denied December 21, 2001.
D. Dirk Thomas of Yearout, Myers & Traylor, P.C., Birmingham, for appellant.
Michael L. Haggard of Porterfield, Harper & Mills, P.A., Birmingham, for appellee.
Alabama Supreme Court 1010098.
CRAWLEY, Judge.
In September 1997, J.L. Purcell sued Alfa Mutual Insurance Company for uninsured/underinsured-motorist benefits. Alfa filed a motion for summary judgment, which the trial court initially denied. Upon Alfa's request to reconsider the denial, the trial court granted the summary-judgment motion. Purcell appealed the summary judgment to the supreme court, which transferred the case to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
*764 We review a summary judgment de novo; we apply the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing "that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Rule 56(c); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, "the burden then shifts to the nonmovant to rebut the movant's prima facie showing by `substantial evidence.'" Lee, 592 So.2d at 1038. "Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d). See Ex parte General Motors Corp., 769 So.2d 903 (Ala.1999); West, 547 So.2d at 871, and Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala. 1989), for further discussion of the application of the summary-judgment standard.
Purcell accompanied his son Steve to an automobile race at the Kennedy racetrack in Kennedy, Alabama. Steve was driving a car in the race, and Purcell watched the race from the pit area. Another car in the race struck Purcell while he was watching the race. Purcell sought underinsured/uninsured-motorist benefits from Alfa, his automobile insurer. Alfa denied the claim, and Purcell sued.
Alfa denied the claim on the basis that the car that struck Purcell was not a "car" as that term is defined in the policy. Alfa made that argument in its summary-judgment motion as well. The policy defines "car" as follows:
"Carmeans a land motor vehicle with four or more wheels, which is designed for use mainly on public roads. It does not include;
"1. Any vehicle while located for use as a dwelling or other premises, or
"2. A truck-tractor designed to pull a trailer or semi-trailer, or
"3. A `midget car,' `go-kart' or similar type vehicle with comparable names."
(Emphasis in original.) Purcell argues that he presented substantial evidence indicating that the car that struck him was "designed for use mainly on public roads." Alfa also argued in its motion that Purcell had not conducted a reasonable investigation to determine the identity of the driver or the owner of the car that struck him. The trial court relied on the policy's definition of "car" in its summary judgment. We conclude that Purcell did not conduct a reasonable investigation. We can affirm a summary judgment on any ground even if the trial court based its judgment on another ground. Lowe v. East End Mem. Hosp. & Health Ctrs., 477 So.2d 339 (Ala. 1985).
The insured, here Purcell, has the burden of proving that the alleged tortfeasor and/or the owner of the vehicle the alleged tortfeasor was driving is uninsured. Motors Ins. Corp. v. Williams, 576 So.2d 218 (Ala.1991). If an insured claiming uninsured-motorist benefits has used "reasonable diligence to ascertain [whether the alleged tortfeasor was uninsured] and such information was unobtainable," then the burden shifts to the insurer to prove that the alleged tortfeasor was insured. Ogle v. Long, 551 So.2d 914 (Ala.1989). We conclude that the evidence would require a finding that Purcell did not employ "reasonable diligence." Therefore, we *765 conclude that the burden did not shift to Alfa to prove the alleged tortfeasor was insured.
Purcell testified that because of the injuries he suffered when struck by the car, he has no memory of the accident. Purcell's son Steve was driving another car in the race. Steve testified that the race was stopped after his father was hit. Steve testified that he saw the car that hit his father tangled in the fence. Steve described the car as a yellow Ford Mustang. Steve testified that when he inquired about the identity of the driver, the only thing he discovered was that the driver of the car was called "T-bone." Steve further testified that the race continued once the paramedics left the racetrack with his father.
Purcell submitted the affidavit of Earl Sharp, an investigator at the law firm representing Purcell. Sharp stated in the affidavit:
"I was requested to perform an investigation in this case for the purpose of determining the identity of the driver responsible for the injuries to Mr. Purcell. I have spent numerous hours in this effort since March 10, 1997. In my investigations, I have talked with various individuals including Stuart Propst, Jerry Boyd, Mr. and Mrs. Neil Boyd and Caroline Spiegles. I have also talked with Fred Savage with the South Lamar Rescue Squad, who responded to the accident. My conversations with these individuals was in an attempt to locate and identify the driver of the car involved in the accident made the basis of this lawsuit and determine the existence of liability insurance coverage. I have had no success in finding that driver. It is my understanding from conversations with these people ... that the driver was a young new driver and that this was possibly his first race at the race track. I spoke with Jerry Boyd, who is a technical inspector at the county race track and a flagman at some of the races. Mr. Boyd does not know the identity of the driver and/or of the automobile that hit Mr. Purcell."
Sharp's affidavit names five persons with whom he had discussed the accident in an effort to learn the identity of the driver. Only one of them, Jerry Boyd, is mentioned elsewhere in the record. Sharp's affidavit does not relate the significance of the other four persons with whom he discussed the accident, i.e., whether they were witnesses to the accident or were officials at the Kennedy racetrack. Furthermore, Sharp's affidavit does not refer to any of the information Steve Purcell testified to in his deposition regarding the identity of the driver as "T-bone."
In Ogle v. Long, 551 So.2d 914 (Ala. 1989), the supreme court held that the insureds, claiming uninsured-motorist benefits, had not satisfied the burden of exercising "reasonable diligence" to discover whether the alleged tortfeasor had insurance. In that case, the insureds filed a complaint against the alleged tortfeasor; the alleged tortfeasor failed to answer the complaint, and a default judgment was entered against the alleged tortfeasor. In Motors Insurance Corp. v. Williams, 576 So.2d 218 (Ala.1991), the supreme court held that the insured did satisfy her burden. In Williams, the insured relied on information the alleged tortfeasor had given the police at the accident scene. The alleged tortfeasor was not located at the address listed in the accident report, and another address for the alleged tortfeasor discovered during the investigation was also not correct.
We conclude that Alfa was entitled to have its summary-judgment motion granted on the ground that Purcell had not exercised "reasonable diligence" in investigating whether the vehicle and/or the driver *766 that hit him were uninsured. The record contains no evidence indicating that Sharp, the investigator for Purcell's law firm, investigated the information provided in Steve Purcell's deposition, which provided at least a nickname for the driver of the car that struck Purcell. The record also contains no discovery requests made by Purcell to the officials or employees of the Kennedy racetrack for information regarding the identity of the contestants or the cars in the race; moreover, the record does not indicate that such information was not available.
We affirm the summary judgment for Alfa.
AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
YATES, P.J., dissents.
MURDOCK, Judge, concurring in the result.
The main opinion concludes that the summary judgment is due to be affirmed based upon Purcell's alleged failure to exercise "reasonable diligence" in investigating whether he was injured by an uninsured motor vehicle. However, because the trial court expressly based its summary judgment on a different ground and did not reach the "reasonable diligence" issue, and the appellee has not asserted on appeal the "reasonable diligence" issue as a ground for affirming the trial court's judgment, I would not reach that issue on appeal. As a basic rule, on an appeal from a summary judgment, we must look to the same factors the trial court initially considered in ruling on the motion. Jehle-Slauson Constr. Co. v. Hood-Rich Architects & Consulting Eng'rs, 435 So.2d 716 (Ala. 1983); Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).[1]
The ground upon which the trial court based its summary judgment in this case was that the vehicle that struck Purcell was not "designed for use mainly on public roads" as required by Alfa's insurance policy. Alfa argues in its brief to this court that the trial court's summary judgment should be affirmed on this ground. Based on my review of the record, I agree and therefore concur in the result to affirm.
YATES, Presiding Judge, dissenting.
I believe the affidavit of Earl Sharp creates a question of fact as to whether Purcell exercised "reasonable diligence" in investigating whether the vehicle and/or *767 the driver that hit him was uninsured. Therefore, I must respectfully dissent from the main opinion's affirmance of the summary judgment entered in favor of Alfa.
NOTES
[1] In cases where the appellate court cannot determine from the trial court's judgment whether the trial court based a summary judgment on a particular ground, as a matter of judicial efficiency as much as anything, and because we review summary judgments on a de novo basis, we have proceeded to address that particular ground, rather than returning the case to the trial court for additional proceedings and, possibly, a second appeal. However, in cases where it affirmatively appears from the trial court's judgment or otherwise that the trial court has not reached a particular ground for summary judgment and the appellee has not presented and argued that ground to the appellate court, Alabama's appellate courts have declined to consider such ground as a basis for affirming the trial court's summary judgment. Compare Hughes v. Allenstein, 514 So.2d 858 (Ala.1987) (trial court did not state ground upon which it entered summary judgment, but appellate court affirmed where, on appeal, appellee presented valid basis for affirmance) with Blair v. Fullmer, 583 So.2d 1307 (Ala.1991) (declining to affirm summary judgment on ground not ruled upon by the trial court and not raised on appeal by appellee), and Alabama Real Estate Appraisers Bd. v. Walker, 739 So.2d 8 (Ala.Civ.App.1997), rev'd on other grounds, 739 So.2d 14 (Ala.1999) (ground for judgment disavowed by trial court and not argued on appeal will not be reached by appellate court).