The main opinion concludes that the summary judgment is due to be affirmed based upon Purcell's alleged failure to exercise "reasonable diligence" in investigating whether he was injured by an uninsured motor vehicle. However, because the trial court expressly based its summary judgment on a different ground and did not reach the "reasonable diligence" issue, and the appellee has not asserted on appeal the "reasonable diligence" issue as a ground for affirming the trial court's judgment, I would not reach that issue on appeal. As a basic rule, on an appeal from a summary judgment, we must look to the same factors the trial court initially considered in ruling on the motion. Jehle-SlausonConstr. Co. v. Hood-Rich Architects Consulting Eng'rs, 435 So.2d 716
(Ala. 1983); Tolbert v. Gulsby, 333 So.2d 129 (Ala. 1976).[1] The ground upon which the trial court based its summary judgment in this case was that the vehicle that struck Purcell was not "designed for use mainly on public roads" as required by Alfa's insurance policy. Alfa argues in its brief to this court that the trial court's summary judgment should be affirmed on this ground. Based on my review of the record, I agree and therefore concur in the result to affirm.
[1] In cases where the appellate court cannot determine from the trial court's judgment whether the trial court based a summary judgment on a particular ground, as a matter of judicial efficiency as much as anything, and because we review summary judgments on a de novo basis, we have proceeded to address that particular ground, rather than returning the case to the trial court for additional proceedings and, possibly, a second appeal. However, in cases where it affirmatively appears from the trial court's judgment or otherwise that the trial court has not reached a particular ground for summary judgment and the appellee has not presented and argued that ground to the appellate court, Alabama's appellate courts have declined to consider such ground as a basis for affirming the trial court's summary judgment. Compare Hughes v.Allenstein, 514 So.2d 858 (Ala. 1987) (trial court did not state ground upon which it entered summary judgment, but appellate court affirmed where, on appeal, appellee presented valid basis for affirmance) withBlair v. Fullmer, 583 So.2d 1307 (Ala. 1991) (declining to affirm summary judgment on ground not ruled upon by the trial court and not raised on appeal by appellee), and Alabama Real Estate Appraisers Bd. v. Walker,739 So.2d 8 (Ala.Civ.App. 1997), rev'd on other grounds, 739 So.2d 14
(Ala. 1999) (ground for judgment disavowed by trial court and not argued on appeal will not be reached by appellate court).