[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1030 
The Alabama Board of Nursing ("the Board") appeals from the judgment of the Montgomery Circuit Court reversing the Board's revocation of Amber Nicole Peterson's practical-nursing license. We affirm.
The Board issued a "statement of charges" against Peterson, alleging that she had violated certain statutes and regulations by working as a licensed practical nurse ("LPN") without a current license. Peterson filed a response to the charges, denying the material allegations made against her. On March 22, 2006, the Board held an administrative hearing before a hearing officer. At the hearing, Peterson appeared and stated that she was not represented by an attorney and that she could not afford to be represented by one. Peterson further stated that she did not believe that she could adequately represent herself at the hearing and that she would not remain at the hearing. The hearing officer told Peterson that, if she left the hearing, the hearing would proceed in her absence and that she consequently would be unable to submit evidence or present arguments in her defense. Peterson subsequently left the hearing without submitting evidence or presenting arguments.
Cathy Boden, a nurse consultant employed by the Board, testified at the hearing. Boden testified that the Board had licensed Peterson as an LPN in February 2003 but that her license had lapsed on December 31, 2003. In 2005, Peterson applied for reinstatement of her lapsed LPN license. Boden testified that Peterson's application was returned to her on June 9, 2005, due to questions regarding whether Peterson had satisfied continuing-education requirements. After Peterson resubmitted her application, the Board reinstated her LPN license on June 29, 2005.
Sunrise Healthcare Management ("Sunrise Healthcare"), located at DeKalb Baptist Medical Center ("DeKalb Baptist"), hired Peterson to work as an LPN, beginning *Page 1031 
in late June 2005. On June 27 and 29, 2005, Peterson attended a "general hospital orientation" at DeKalb Baptist for new employees. At the hearing, the Board submitted into evidence two "sign-in sheets" for the orientation sessions held on June 27 and 29. Peterson's name was signed on the sign-in sheets, and the title "LPN" was handwritten beside Peterson's name under the heading "title/license." Boden testified that the sign-in sheets indicated that Peterson had been employed at DeKalb Baptist before the Board had reinstated her LPN license on June 29, 2005.
The Board also submitted a payroll register indicating that Sunrise Healthcare had paid Peterson for 32.75 hours of work during the pay period ending on July 2, 2005. Peterson's "job code" on the payroll register was listed as "HLPN." A "monthly employee schedule" submitted by the Board indicated that a Sunrise Healthcare employee identified as "Amber" had been scheduled to attend orientation on June 27-29, and July 1, 2005.
On April 24, 2006, the hearing officer found that Peterson had been employed as an unlicensed LPN by Sunrise Healthcare on June 27-28, 2005. The hearing officer concluded that Peterson, by working as an LPN without a license, had violated various statutes and regulations. The hearing officer recommended that the Board revoke Peterson's LPN license.
On May 16, 2006, the Board entered an order finding that "[o]n June 27-28, 2005, [Peterson] was employed by Sunrise Healthcare . . . at DeKalb Baptist . . . as an LPN without a current license. [Peterson's] license was reinstated on June 29, 2005. On June 27, 2005, [Peterson] signed the sign-in sheet using the protected title `LPN.'" Based upon those factual findings, the Board concluded that Peterson had violated §§ 34-21-22
through -25, Ala. Code 1975; and Rules 610-X-8-.03(6)(a) and (b), and -.03(8)(a), Ala. Admin. Code (Alabama Board of Nursing). The Board consequently revoked Peterson's LPN license.
Peterson appealed the Board's order to the circuit court, pursuant to § 34-21-25(h), Ala. Code 1975.[1] The circuit court held two hearings and heard arguments from the Board and Peterson. Although the circuit court received no evidence at the hearings, Peterson, acting pro se, made certain assertions regarding facts that were not contained in the evidence that had been submitted at the administrative hearing.
On September 27, 2006, the circuit court entered a judgment reinstating Peterson's LPN license. In its judgment, the circuit court stated, in pertinent part:
 "The Board's [administrative] complaint [against Peterson] rests on the assertion that Peterson practiced or worked as an LPN on a lapsed license and/or held herself out as a `LPN.' [The Board] base[s] this assertion on the fact that Peterson, on June 27th and 29th, 2005, attended a new employee orientation at De[K]alb Baptist . . . and signed the `sign-in sheet' as a `LPN.' . . . The facts of this case also reveal that (1) Peterson's license was reinstated on June 29, 2005 — a mere two days after Peterson attended the first day of orientation; . . . (3) Peterson was formerly *Page 1032 
licensed in Alabama and had applied for reinstatement of her Alabama license a few days before attending the orientation; and (4) [Peterson] had paid the application fees and met the application requirements. The procedure for reinstatement was essentially complete.
 "In conclusion, this Court does not find that the behavior of Peterson was a violation of Alabama law. The orientation sign-in sheet merely asked for her `Title/License,' and she wrote down the title of the position that she had been employed at DeKalb Baptist. . . . It does not appear that she had the intent to hold herself out as something she was not. At the time she signed the sheet, Peterson . . . knew that her Alabama LPN license was being reinstated for her employment [in Alabama].
 "Accordingly, the findings of the Board were erroneous as to the legal conclusions, and its actions were arbitrary and capricious."
The Board subsequently appealed the circuit court's judgment to this court.
Section 41-22-20(k), Ala. Code 1975, controls judicial review of agency decisions. In pertinent part, it provides:
 "(k) Except where judicial review is by trial de novo, the agency order shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact, except where otherwise authorized by statute. The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further proceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action . . . if the court finds that the agency action is due to be set aside or modified under standards set forth in appeal or review statutes applicable to that agency or if substantial rights of the petitioner have been prejudiced because the agency action is any one or more of the following:
 "(1) In violation of constitutional or statutory provisions;
 "(2) In excess of the statutory authority of the agency;
 "(3) In violation of any pertinent agency rule;
 "(4) Made upon unlawful procedure;
 "(5) Affected by other error of law;
 "(6) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(7) Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."
Our supreme court has stated:
 "This Court has further defined the standard of review of an agency ruling in Alabama as follows:
 "`"Judicial review of an agency's administrative decision is limited to determining whether the decision is supported by substantial evidence, whether the agency's actions were reasonable, and whether its actions were within its statutory and constitutional powers. Judicial review is also limited by the presumption of correctness which attaches to a decision by an administrative agency."'"
Ex parte Medical Licensure Comm'n of Alabama,897 So.2d 1093, 1096-97 (Ala. 2004) (quoting Ex parte Alabama Bdof Nursing, 835 So.2d 1010, 1012 (Ala. 2001), quoting in turn Alabama Medicaid Agency v. Peoples, 549 So.2d 504,506 (Ala.Civ.App. 1989)). Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life AssuranceCo. of *Page 1033 Florida, 547 So.2d 870, 871 (Ala. 1989). This court reviews a circuit court's judgment without a presumption of correctness because the circuit court is in no better position to review an agency's decision than this court. Clark v.Fancher, 662 So.2d 258, 261 (Ala.Civ.App. 1994). Further, this court reviews the Board's legal conclusions and its application of the law to the facts without a presumption of correctness. Barngrover v. Medical Licensure Comm'n ofAlabama, 852 So.2d 147, 152 (Ala.Civ.App. 2002).
On appeal, the Board first argues that there were no appealable issues before the circuit court because, the Board says, Peterson failed to preserve any appealable issues at the administrative hearing. At the administrative hearing, the Board raised the straightforward issue whether Peterson had violated certain statutes and regulations. On appeal, the circuit court considered the same issue, reviewing whether the Board's resolution of that issue was supported by substantial evidence, was reasonable, and was within its statutory and constitutional powers. See Ex parte Medical Licensure Comm'n ofAlabama, 897 So.2d at 1096-97; and § 41-22-20(k), Ala. Code 1975. Therefore, in this case, the Board had before it an appealable issue that was squarely before the hearing officer at the administrative hearing.
The Board revoked Peterson's LPN license based on the Board's conclusion that Peterson had violated §§ 34-21-22 through -25, Ala. Code 1975; and Rules 610-X-8-.03(6)(a) and (b), and -.03(8)(a), Ala. Admin. Code (Alabama Board of Nursing). We must consider whether the Board's conclusions that Peterson violated those statutes and regulations are supported by substantial evidence.
Section 34-21-22, Ala. Code 1975, provides, in pertinent part:
 "(c) Any person who holds a license to practice practical nursing as a licensed practical nurse in this state shall have the right to use the title `licensed practical nurse' and the abbreviation `L.P.N.' No other person shall assume or use such title or abbreviation or any other words, letters, signs or devices to indicate that the person using the same is licensed to practice practical nursing as a licensed practical nurse."
The Board had before it substantial evidence indicating that Peterson, two days before her license was reinstated, used the abbreviation "LPN" on a sign-in sheet at the general hospital orientation on June 27, 2005. Therefore, the Board's conclusion that Peterson violated § 34-21-22 was supported by substantial evidence.
Section 34-21-23, Ala. Code 1975, provides, in pertinent part:
 "(d). . . . It shall be unlawful for any person to practice practical nursing in this state during the time his or her license so to practice has lapsed, and such person shall be subject to the penalties of this chapter."
There was not substantial evidence indicating that Peterson actually practiced as an LPN on June 27 or June 28, 2005, as the Board concluded. The evidence indicates that, before her license was reinstated on June 29, 2005, Peterson merely attended a general hospital orientation for new employees. The Board submitted no evidence establishing that she performed any duties as an LPN at this orientation. Therefore, there was not substantial evidence indicating that Peterson violated § 34-21-23.
Section 34-21-24, Ala. Code 1975, provides that "[t]he board shall set the fees and charges annually for the services under this chapter." Given the ministerial nature of this section, the Board clearly *Page 1034 
erred in concluding that Peterson violated it.
Rule 610-X-8-.03, Ala. Admin. Code (Alabama Board of Nursing), provides, in pertinent part:
 "The Board may reprimand, fine, probate, suspend, revoke or otherwise discipline any . . . licensed practical nurse upon proof that the person:
 ". . . .
 "(6) Is guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health, that includes but is not limited to:
 "(a) Failure to comply with the Alabama Nurse Practice Act [§ 34-21-1 et seq., Ala. Code 1975] and rules and regulations as well as all federal, state or local laws, rules or regulations applicable to the area of nursing practice.
 "(b) Failure to practice nursing in accordance with the standards of practice adopted by the Board.
 ". . . .
 ". . . .
 "(8) Has willfully or repeatedly violated any of the provisions of a statute or rule that includes but is not limited to:
 "(a) Practicing or seeking to practice professional or practical nursing without a current license or temporary permit."
Regarding Rule 610-X-8-.03(6), there was no substantial evidence indicating that Peterson was "guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health." There was no evidence indicating that Peterson's use of the protected "LPN" title on the sign-in sheet at a hospital orientation was likely to adversely affect the public as contemplated by Rule610-X-8-.03(6). Accordingly, there was no substantial evidence indicating that Peterson violated that rule.
Regarding Rule 610-X-8-.03(8), as we have noted, there was not substantial evidence indicating that Peterson practiced practical nursing on June 27 or 28, 2005. Furthermore, there was no evidence indicating that Peterson sought to practice practical nursing during those two days. Instead, the record indicates that Peterson only attended a general hospital orientation. Accordingly, the Board erroneously concluded that Peterson violated Rule 610-X-8-.03(8).
Although the Board's order concluded that Peterson "violated" § 34-21-25, Ala. Code 1975, that section in fact authorizes the Board to discipline licensees for violations of other statutory provisions or regulations. Section 34-21-25, Ala. Code 1975, provides, in pertinent part:
 "(b) The board may . . . deny, revoke, or suspend any license issued by it or to otherwise discipline a licensee upon proof that the licensee: is guilty of fraud or deceit in procuring or attempting to procure a license; has been convicted of a felony; is guilty of a crime involving moral turpitude or of gross immorality that would tend to bring reproach upon the nursing profession; is unfit or incompetent due to the use of alcohol, or is addicted to the use of habit-forming drugs to such an extent as to render him or her unsafe or unreliable as a licensee; has been convicted of any violation of a federal or state law relating to controlled substances; is guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health or has willfully or repeatedly violated any of the provisions of this article, as defined by board rules and regulations. . . ."
After concluding that Peterson had violated various statutes and regulations, the *Page 1035 
Board disciplined Peterson by revoking her license, pursuant to § 34-21-25(b). Most of the reasons listed in § 34-21-25(b) for revoking a license are clearly inapplicable in this case. As we have noted, there is not substantial evidence indicating that Peterson was "guilty of unprofessional conduct of a character likely to deceive, defraud, or injure the public in matters pertaining to health." The Board seems to suggest that its authority to revoke Peterson's license derives from her "repeatedly" violating statutory and regulatory provisions. However, as we have noted, there was substantial evidence indicating that Peterson violated § 34-21-22 on only one occasion by using the protected "LPN" title on a sign-in sheet two days before her LPN licence was reinstated. The Board does not argue that Peterson "willfully" violated § 34-21-22; therefore, we decline to construe that term.
We conclude that the Board has failed to establish that any of the reasons listed in § 34-21-25(b) for revoking a license are present in this case. Therefore, the Board acted beyond its statutory authority in revoking Peterson's LPN license. § 41-22-20(k), Ala. Code 1975; Ex parte Medical LicensureComm'n of Alabama, 897 So.2d at 1096-97. Accordingly, we agree with the circuit court's conclusion reversing the Board's revocation of Peterson's license. See
§ 41-22-20(10, Ala. Code 1975.
The Board argues that the circuit court erred in considering evidence not contained in the record made before the administrative hearing. Subject to certain exceptions that are inapplicable in this case, an appellate court's review of an agency's action is limited to a review of the administrative record. § 41-22-200) and (j), Ala. Code 1975. As we have noted, the circuit court did not receive evidence onappeal from the Board's order; it merely heard arguments from the Board's counsel and Peterson. The circuit court's judgment, however, included as "facts" certain information that was never submitted into evidence at the administrative hearing. This information reflects certain factual allegations made by Peterson in her arguments to the circuit court, in her response to the Board's charges, and in her notice of appeal to the circuit court. However, basing our review solely on theadministrative record, we agree with the circuit court's conclusion that the Board erred in revoking Peterson's license. Therefore, the circuit court's recitation of "facts" outside the administrative record was harmless error. See Rule 45, Ala. R.App. P.
Because we conclude that the Board erred in revoking Peterson's LPN license, we affirm the circuit court's judgment reinstating Peterson's license. See § 41-22-20(k), Ala. Code 1975.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
[1] Section 34-21-25(h), Ala. Code 1975, provides:
 "(h) Any person whose license is ordered suspended or revoked may appeal to the circuit court or a court of like jurisdiction of Montgomery County, from any order of the board under this section, within 30 days from date of the decision of the board. The trial of appeals shall be conducted in like manner, as nearly as may be, as provided for in the Alabama Administrative Procedure Act [§ 41-22-1 et seq., Ala. Code 1975]."