MOORE, Judge.
The Alabama Department of Education (“the Department”) and Dr. Thomas R. Bice, in his official capacity as the superintendent of the Department (“Dr. Bice” or, sometimes, “the Superintendent,” see infra note l),[1] appeal from a judgment of the Montgomery Circuit Court (“the circuit court”) reinstating the “Alabama Professional Educator Certificate” (“the teaching certificate”) of Alvin Taylor. Taylor cross-appeals from that same judgment. As to the Department and Dr. Bice’s appeal, we affirm in part and reverse in part; as to Taylor’s cross-appeal, we affirm.

Procedural Background

On June 23, 2005, Dr. Joseph Morton (“Dr. Morton” or, sometimes, “the Superintendent,” see supra note 1, who was then the superintendent of the Department), notified Taylor by a certified letter that the Department was proposing to revoke his teaching certificate based on improper sexual conduct committed against a student for which Taylor had been criminally charged. Taylor requested an administrative hearing, which was stayed pending the resolution of the criminal action against Taylor. During the stay, the local prosecutor filed additional criminal charges against Taylor based on alleged sexual misconduct against another student. Dr. Morton amended the notice he provided to Taylor on several occasions to include the additional criminal charges and the circumstances that had given rise to those charges.
Following criminal trials in which Taylor was acquitted of all charges against him, the stay was lifted and Dr. Morton sent a revised notice letter to Taylor on May 17, 2010, stating that the Department proposed to revoke Taylor’s teaching certificate on the following bases:
“1. You made inappropriate comments, inappropriately touched, and committed sexual misconduct toward female students while you were employed as a teacher at Talladega Central High School in the Talladega County School System, including:
“A. You had inappropriate sexual activity involving N.S., a student, in November and December 2004, including that you had sex with the student in a storage closet at school in November. Approximately a week later you had sex with N.S. in the gym office.
“B. In [October] of 200[4,] you grabbed the buttocks of J.W., another student, and stuck your hand down her shirt and inside her bra. You also told the student, on one occasion, that you wanted to ‘f--k’ her.[2]
“C. You made inappropriate comments to C.S., another student, during the 1999-2000 school year. You told her that her lips were sexy and that you were attracted to her. You tried to take her to your office by force.
“2. The facts and circumstances underlying and giving rise to the situations and conduct described.”
*164 Bobby Lott, Jr., an administrative-law judge (“the ALJ”), conducted an administrative hearing on December 2, 3, and 8, 2010, receiving the testimony of numerous witnesses and generating a record covering approximately 8,500 pages. James Ward, an employee of the Department and an assistant attorney general, prosecuted the administrative case against Taylor on behalf of the Department.
On May 2, 2011, the ALJ, in a 62-page report, recommended that Taylor’s teaching certificate be revoked and/or nonre-newed pursuant to the provisions of § 16-23-5, Ala.Code 1975. Section 16-23-5(a) provides, in pertinent part, that “[t]he State Superintendent of Education may revoke any certificate issued under this chapter[, i.e., § 16-23-1 to § 16-23-24] when the holder has been guilty of immoral conduct or unbecoming or indecent behavior.” In addition to providing Taylor’s lawyer with a copy of that report, the ALJ copied the following employees of the Department with that recommendation: Ward, Larry E. Craven, Darnell Coley, and Susan Tudor Crowther.
On May 24, 2011, Crowther, who also is employed by the Department and serves as an assistant attorney general, sent a memorandum to Dr. Morton. In her memorandum, Crowther set forth the allegations against Taylor that the Department had included in its May 17, 2010, notice letter; stated that Taylor had requested an administrative hearing and the dates of that hearing; stated that the ALJ had recommended that Taylor’s teaching certificate be revoked and/or nonrenewed; noted that the ALJ’s recommendation was attached to her memorandum; and recommended that Dr. Morton adopt the findings and decision of the ALJ. Crowther’s memorandum covered slightly more than one page. Dr. Morton wrote “Agreed” on Crowther’s memorandum, initialed that memorandum, and dated it “5/24/11.”
On May 26, 2011, Dr. Morton notified Taylor by certified letter that he, on behalf of the Department, had adopted the findings and recommendation of the ALJ and that he, on behalf of the Department, was permanently revoking and nonrenewing Taylor’s teaching certificate. Dr. Morton also notified Taylor that, pursuant to the Alabama Administrative Procedure Act (“the AAPA”.), Ala.Code 1975, § 41-22-1 et seq., he was entitled to seek a rehearing or to file an appeal.
Taylor timely responded by filing a petition for judicial review and a notice of appeal in the circuit court. In his petition for judicial review, Taylor asserted, among other things:
“9. ...
“a. The [Superintendent] acts as the charging party and final decision maker in revocation proceedings. The employees who investigate and prosecute the matter are employees of [the Superintendent]. Further, proposed orders are provided to the [Superintendent] without being provided to counsel for [Taylor] so that [Taylor] can have an opportunity to address [the Superintendent] specifically about the proposed order or file exceptions. There is no separation maintained in the functions of the [Superintendent] except to the extent that there is an [administrative-law judge] that hears the case. [Taylor] is entitled to an unbiased decision maker under the Alabama Administrative Procedure Act and the due process provisions of the State of Alabama Constitution. The [Superintendent] violated Alabama Code [1975,] § 41-22-15, § 41-22-16 and § 41-22-18. Th[e] process and procedures used by [the Superintendent] fail to provide [Taylor] with *165 due process under the State of Alabama Constitution [of 1901]. It fails to provide the proper separation of charging party and final decision maker, and thereby fails to provide a[n] unbiased decision maker. By counsel of [the Superintendent] providing a proposed order or memorandum regarding the case to [the Superintendent] between the time of the decision of the [administrative-law judge] and the [Superintendent’s] final order, [the Superintendent] has violated [Taylor’s] due process rights under the Alabama Constitution.”
In the circuit court, the parties filed briefs in support of their respective positions. Taylor also moved to supplement the record with requests for additional discovery that he sought to obtain from Dr. Morton. Taylor issued a subpoena, pursuant to Rule 30(b)(6), Ala. R. Civ. P., to depose Dr. Morton; Taylor subsequently filed a motion to compel the requested discovery.
The Department and Dr. Morton responded that the administrative record contained substantial evidence to support the decision to revoke Taylor’s teaching certificate. The Department and Dr. Morton asserted that, because the decision to revoke Taylor’s teaching certificate had not been unreasonable, arbitrary, or capricious, that decision should be affirmed. In response to Taylor’s attempt to depose Dr. Morton, the Department and Dr. Morton filed a motion for a protective order and a motion to quash Taylor’s subpoena.
The Department and Dr. Morton also filed a motion for a summary judgment. In support of that motion, they submitted the affidavits of Ward and Crowther. Crowther attested, among other things, that she had not participated in the prosecution of the case against Taylor; that a “wall of separation” had existed between her and Ward during Ward’s prosecution of the Department’s case against Taylor and during Crowther’s postproceeding review; and that she had provided the administrative record, along with other documents, to Dr. Morton. In a supplemental response in support of the summary-judgment motion, Dr. Morton submitted his own affidavit, attesting that he had “reviewed” the administrative record and the other documents provided to him by Crowther and that he had “independently concluded” that he agreed with the ALJ’s findings and recommendation. Thus, the Department and Dr. Morton asserted that they had not violated the AAPA.
On January 13, 2012, after hearing arguments of counsel, the circuit court.granted, in part, Taylor’s motion to compel discovery and granted, in part, the motion for a protective order. The circuit court ordered that the memorandum that had been drafted by Crowther and provided to Dr. Morton be produced. On January 31, 2012, the circuit court entered another order quashing the subpoena that had been issued to Dr. Morton for his deposition but granting Taylor’s motion to supplement the record and granting, in part, Taylor’s motion to compel discovery. In another order entered on January 31, 2012, the circuit court denied Taylor’s motion “to supplement the record for his appeal from an administrative agency’s decision.”
On March 5, 2012, the circuit court denied the summary-judgment motion. After a July 30, 2012, hearing, the circuit court announced its decision that same day, finding that the Department and Dr. Morton had violated Taylor’s due-process rights and had violated Ala.Code 1975, §§ 41-22-18 and 41-22-15. The circuit court formally entered its judgment on October 19, 2012. In that judgment, the circuit court stated, in pertinent part:
*166 “This Court finds that [the] Superintendent used the following procedure regarding the revocation of [Taylor’s] teaching certificate. First, the ... Superintendent proposed the revocation of [Taylor’s] teaching certificate. Second, under the process used by [the Superintendent], the [Superintendent] reserved the power to decide whether to revoke the license of [Taylor]. That is, [the Superintendent] acts as the judge to decide to accept his own proposal to revoke [Taylor’s] certificate. Third, [the Superintendent’s] legal staff prosecutes the case against [Taylor], Fourth, the matter is heard by an [ALJ] appointed by [the Superintendent] to provide recommendations regarding the case. Fifth, once those recommendations are made by the [ALJ], [the Superintendent’s] legal staff provides him with a memorandum that has attached to it the [ALJ]’s recommendation and has a recommendation by [the Superintendent’s] legal staff on whether [the Superintendent] should accept or reject that recommendation. Also attached is a proposed order. This memorandum is not provided to [Taylor’s] counsel and [Taylor’s] counsel is not given the proposed order. [Taylor] is not allowed to file exceptions to the proposed order, appear before [the Superintendent] or present his side of the case directly to [the Superintendent].
“In this case, [the Superintendent] was allegedly given a lengthy record in this case on the same day he was given the above described memorandum from his legal staff. The same day [the Superintendent] was given the memorandum he wrote ‘Agreed’ on the memorandum. It appears to this Court that [the Superintendent] did not review the record before him and make an independent decision. Instead, it appears [the Superintendent] simply accepted his legal counsel’s recommendation regarding the revocation. Therefore, it appears [the Superintendent] delegated his responsibility to his staff legal counsel to decide this matter.
“Given these circumstances, it appears that [the Superintendent] has -violated [Taylor’s] due process rights as well as the Alabama Code [1975, § 41-22-18 and § ] 41-22-15. Therefore, this Court hereby reverses the revocation of [Taylor’s] teaching license by [the Superintendent]. Furthermore, this Court directs [the Superintendent] to reinstate [Taylor’s] teaching certificate.”
The Department and the Superintendent[3] filed a motion to alter, amend, or vacate the circuit court’s judgment.[4] In support of that motion, the Department and the Superintendent submitted, among other things, the affidavit of the ALJ who had presided over Taylor’s administrative hearing. In his affidavit, the ALJ attested that, although he had sent Crowther copies of several scheduling orders generated by him during the administrative proceeding and a copy of his findings and recommendation, he had done so “merely for [his] own expediency and [that fact] should not be taken as an indication that any attorney other than James Ward was prosecuting the Department of Education’s case against Mr. Taylor.” After a hearing, the *167 circuit court denied the motion to alter, amend, or vacate the judgment.
On November 2, 2012, the Department and the Superintendent timely filed their joint notice of appeal; the circuit court stayed that aspect of its judgment ordering the Department and the Superintendent to reinstate Taylor’s teaching certificate. On November 16, 2012, Taylor cross-appealed, asserting that the circuit court had erred in denying him all the discovery he had sought from the Department and Dr. Morton.

Standard of Review

“This court reviews a circuit court’s judgment without a presumption of correctness because the circuit court is in no better position to review an agency’s decision than this court. Clark v. Fancher, 662 So.2d 258, 261 (Ala.Civ.App.1994).” Alabama Bd. of Nursing v. Peterson, 976 So.2d 1028, 1033 (Ala.Civ.App.2007). “[Tjhere is no presumption of correctness afforded to [an administrative decision-maker’s] legal conclusions or its application of the law to the facts.” Medical Licensure Comm’n of Alabama v. Herrera, 918 So.2d 918, 926 (Ala.Civ.App.2005).

Appeal by the Department and the Superintendent

We first address the argument that the procedures utilized by the Department in revoking Taylor’s teaching certificate complied with the procedural requirements of the AAPA. We initially conclude that Taylor’s due-process rights were not violated because Dr. Morton acted as both charging party and decision-maker. Due process requires an unbiased decision-maker even in administrative proceedings. See Withrow v. Larkin, 421 U.S. 35, 55, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). The law presumes that administrators act impartially when adjudicating matters before them. Id. at 53-54. The mere fact that the administrator who ultimately adjudicates the case had been exposed to investigatory findings and filed the preliminary charges against a certificate holder based upon those findings does not in and of itself prove bias in the later decision-making process. See Miller v. Alabama State Tenure Comm’n, 451 So.2d 301, 304 (Ala.Civ.App.1984). The circuit court misapplied the law to the extent it concluded that Taylor’s due-process rights had been violated on the ground that Dr. Morton acted as both the charging party and the decision-maker.
The circuit court also erred in vacating the revocation of Taylor’s teaching certificate because employees of the Department investigated and prosecuted the case against Taylor. Section 41-22-18 provides, in pertinent part:
“(a) No individual who participates in the making of any proposed order or final decision in a contested case shall have prosecuted or represented a party in connection with that case, the specific controversy underlying that case, or another pending factually related contested case, or pending factually related controversy that may culminate in a contested case involving the same parties. Nor shall any such individual be subject to the authority, direction or discretion of any person who has prosecuted or advocated in connection with that contested case, the specific controversy underlying that contested case, or a pending factually related contested case or controversy, involving the same parties.”
Section 41-22-18 prohibits an individual within an agency who has prosecuted or represented a party, or who is under the authority of a person who has prosecuted or represented a party, from participating in the making of an administrative order or final decision affecting that party. See Commentary to § 41-22-18. Section 41- *168 22-18 does not prohibit two separate assistant attorneys general within the same agency from acting in a prosecutorial role and an advisory role, respectively. See Ex parte Alabama Real Estate Appraisers Bd., 739 So.2d 14 (Ala.1999).
At the circuit-court level, Taylor maintained that the Department had violated § 41-22-18 by permitting Crowther both to prosecute Taylor and to participate in the making of the final decision against Taylor. To prove his case, Taylor introduced several notations by the ALJ copying Crowther with some of his orders based on her designation as counsel of record. The ALJ explained that he had copied Crowther for his own “expediency” but that Crowther had not actually participated in the prosecution against Taylor, a fact to which Crowther and Ward further attested. The record shows, in fact, that Crowther did not appear at any part of the administrative hearing and did not file any briefs with the ALJ. Because the evidence before the circuit court consisted solely of written materials and affidavits, we review the factual question of whether Crowther participated in both the prosecution of and the making of the decision against Taylor de novo. See Eubanks v. Hale, 752 So.2d 1113, 1122 (Ala.1999) (recognizing that de novo standard of review applied to appeal from trial court’s judgment that was based solely upon documentary evidence and deposition testimony). We conclude that Taylor failed to prove that Crowther actually participated in his prosecution within the contemplation of § 41-22-18. See Spruell v. Alabama State Bd. of Pharmacy, 943 So.2d 129, 133 (Ala.Civ.App.2006) (recognizing that, even if the action taken by the secretary of board in referring investigative findings to the board’s legal counsel for potential administrative action evidenced a prosecutorial role under § 41-22-18(a), there was no evidence indicating that the secretary had played any role in the actual adjudication of the matters at issue and, thus, that no potential conflict of interest existed). To the contrary, the evidence indicates that Crowther played no role in the prosecution of the case and acted solely in the separate advisory role in preparing the memorandum for Dr. Morton. See Horn v. State Bd. of Exam’rs in Counseling, 689 So.2d 93 (Ala.Civ.App.1996) (finding no due-process violation when two separate deputy attorneys general acted as prosecutor and decision-maker, respectively).
We further reject Taylor’s request to affirm the circuit court’s judgment on the ground that Crowther worked under the authority of Craven, who initiated the prosecution of the case before it was stayed. Generally speaking, this court may affirm a trial court’s judgment on “any valid legal ground presented by the record.” Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003). However, in this case, the “evidence” proving that Crowther worked under Craven does not appear of record but comes through a voluntary disclosure made to this court by Ward in a letter, which this court may not consider. Quick v. Burton, 960 So.2d 678, 680-81 (Ala.Civ.App.2006) (“an appellate court is limited to a review of the record, and the record cannot be changed, altered, or varied on appeal by statements in briefs of counsel”). Moreover, Taylor did not present any argument regarding Craven’s role in the case to the circuit court, so it would violate the due-process rights of the Department and the Superintendent to affirm the judgment on a ground on which they had no notice or an opportunity to be heard. See Liberty Nat’l Life Ins. Co., 881 So.2d at 1020 (holding that appellate court may not affirm judgment on alternative legal *169 ground if doing so would violate the due-process rights of appellant).
The circuit court noted that Dr. Morton had appointed the ALJ to preside over the administrative hearing, but nothing in § 41-22-18 prohibits an agency from hiring and paying an independent ALJ to conduct an administrative hearing. Section 41-22-18 prohibits a prosecutor from also acting as an ALJ or, conversely, an ALJ from also acting as a prosecutor, but Taylor does not assert that that occurred. The circuit court committed legal error in concluding that the Department and the Superintendent used unauthorized or unfair procedures by appointing the ALJ who presided over the administrative proceeding.
 We do, however, agree with the circuit court that the Department and the Superintendent violated Ala.Code 1975, § 41-22-15, which provides, in pertinent part:
“If any official of the agency who is to participate in the final decision has not heard the case or read the record and his vote would affect the final decision, the final decision shall not be made until a proposed order is prepared and an opportunity is afforded to each party adversely affected by the proposed order to file exceptions and present briefs and oral argument to the official not having heard the case or read the record.”
By its plain and unambiguous language, see AltaPointe Health Systems, Inc. v. Davis, 90 So.3d 139, 157 (Ala.2012) (reciting well known principles of statutory construction), § '41-22-15 requires a decision-maker who did not hear the case or read the record to prepare a proposed order and circulate that order to the adversely affected party in order that he or she may challenge the proposed order by filing exceptions and presenting briefs and oral arguments.
The parties do not dispute that the Superintendent acts as the sole authorized decision-maker under Ala.Code 1975, § 16-23-5, and that Dr. Morton did not hear the case. They do disagree as to whether Dr. Morton read the record. The circuit court found that Dr. Morton probably did not read the record due to the fact that he indicated his agreement with Crowther’s recommendation on the same date he received that recommendation even though the administrative record was approximately 3,500 pages. In his affidavit, Dr. Morton did not state unequivocally that he had read the administrative record, but he did state that he had “reviewed” the materials provided to him,[5] which he believed constituted the whole administrative record.[6] Regardless of our standard of review on this factual point, we conclude that the evidence substantiates that Dr. Morton did not read the administrative record.
*170 It also is undisputed that Dr. Morton did not send Taylor a draft of the letter revoking his teaching certificate, which, in this case, constituted the final order. Dr. Morton did not afford Taylor an opportunity to file exceptions to the letter and to present briefs and oral arguments to Dr. Morton before Dr. Morton issued the letter. Because. we ascertain that Taylor was not provided a full and fair opportunity to be heard before Dr. Morton, we must conclude that Dr. Morton and, therefore, the Department, failed to comply with § 41-22-15.
The Department and the Superintendent contend that any violation of § 41-22-15 amounts to harmless error and that, therefore, the decision of Dr. Morton to revoke Taylor’s teaching certificate should be reinstated. We disagree.
In Cleveland Board of Education v. Loudermill, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), Justice White, writing for the majority of the members of the United States Supreme Court, stated, in pertinent part:
“The essential requirements of due process ... are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement. See Friendly, ‘Some Kind of Hearing,’ 123 U. Pa. L.Rev. 1267, 1281 (1975). The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer’s evidence, and an opportunity to present his side of the story.”
470 U.S. at 546. See also State Tenure Comm’n v. Page, 777 So.2d 126, 131 (Ala.Civ.App.2000) (recognizing that, at a minimum, due process requires the opportunity for a fair hearing before an unbiased decision-maker in which a party is allowed the opportunity to present his or her defenses to the- charges asserted against him or her). We, therefore, conclude that Dr. Morton’s failure to read the administrative record or to allow Taylor the opportunity to file exceptions, to file a brief, and to present oral arguments before revoking his teaching certificate cannot be considered harmless error.
Finally, the Department and the Superintendent assert that the circuit court erred by ordering Taylor’s teaching certificate reinstated rather than remanding the cause for Dr. Bice to comply with the requirements of § 41-22-15. When that request was presented to the circuit court, the court responded that a remand would not remedy what it had perceived to be widespread violations of Taylor’s statutory and constitutional rights infecting the entire administrative procedure used in Taylor’s case. However, as set forth above, with the exception of the violation of § 41-22-15, Taylor has not established that the Department’s procedures violated the AAPA or deprived him of due process. That lone violation can easily be cured by remanding the case for Dr. Bice either to read the record before deciding the case or to provide Taylor a proposed order, to which Taylor may file exceptions, and to allow Taylor to brief and orally argue his points.
We, therefore, reverse the circuit court’s judgment to the extent it ordered the Department and the Superintendent to reinstate Taylor’s teaching certificate, we affirm the circuit court’s judgment to the extent it found that Dr. Morton violated § 41-22-15, and we remand the case to the circuit court for it to enter a new judgment remanding the case to Dr. Bice with instructions to comply with § 41-22-15. See Ala.Code 1975, § 41-22-2000 (“The court may affirm the agency action or remand the case to the agency for taking additional testimony and evidence or for further pro *171 ceedings. The court may reverse or modify the decision or grant other appropriate relief from the agency action ... if the court finds that the agency action is due to be set aside or modified_”).

Taylor’s Cross-Appeal

In his cross-appeal, Taylor asserts that the circuit court erred by denying his motion to compel the deposition of Dr. Morton; in that deposition, Taylor presumably wished to explore in detail how Dr. Morton went about reviewing the administrative record and making the decision to revoke Taylor’s teaching certificate. Based on our resolution of the issues above, however, we need not address Taylor’s challenge to the circuit court’s discovery ruling. We have concluded that Dr. Morton’s review of the administrative record did not comply with § 41-22-15. That conclusion moots any further consideration of Taylor’s discovery requests inquiring as to what documents from the record Dr. Morton considered in deciding to revoke Taylor’s teaching certificate.
Taylor also asserts that the decision to revoke his teaching certificate was unreasonable, arbitrary, capricious, and clearly erroneous and, thus, that the circuit court’s judgment to reverse the revocation of his teaching certificate should.be affirmed. Our resolution of the above issues, however, makes consideration of that argument premature. We, therefore, pre-termit consideration of that issue at this time.

Conclusion

As to the appeal filed by the Department and the Superintendent, we reverse the circuit court’s judgment to the extent it found that the Department and Dr. Morton had violated § 41-22-18 and to the extent it vacated the revocation of Taylor’s teaching certificate, and we affirm the judgment as to the circuit court’s finding that Dr. Morton violated § 41-22-15. Our resolution of the issues in the appeal moots consideration of the discovery issue raised in Taylor’s cross-appeal; we pretermit consideration of Taylor’s other issue. We remand the cause to the circuit court for further proceedings consistent with this opinion.
APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — AFFIRMED.
PITTMAN, THOMAS, and DONALDSON, JJ., concur.
THOMPSON, P.J., concurs in the result, without writing.

. Pursuant to Rule 25(d), Ala. R. Civ. P., Dr. Bice was automatically substituted as a party in place of Dr. Joseph Morton when he succeeded Dr. Morton as superintendent of the Department, effective January 1, 2012.

. This notice originally indicated a date of "March of 2005” but the notice was subsequently corrected to state "October of 2004.” Taylor did not object to the corrected notice.

. See supra note 1.

. The Department and the Superintendent filed their motion to alter, amend, or vacate the circuit court’s judgment on August 3, 2012, within 30 days after the circuit court rendered its decision from the bench. Pursuant to Rule 4(a)(4), Ala. R.App. P., that motion was deemed to have been filed on October 19, 2012, the date the circuit court’s judgment was entered into the State Judicial Information System. See Rule 58(c), Ala. R. Civ. P.

. Rule 290-3-2-.34(4)(i)2., Ala. Admin. Code (State Bd. of Educ.), provides:
"Based upon a review of the record of the hearing and the recommendation of the hearing officer, the Alabama State Superintendent of Education shall issue a final order within 30 days after the recommendation is received....”
To the extent the language of this administrative regulation conflicts with the express language of § 41-22-15, the statute will prevail. See, e.g., Ex parte State Dep't of Human Res., 548 So.2d 176, 178 (Ala.1988).

. Although not determinative of this issue, we note that, in his May 26, 2011, letter to Taylor, in which he advised Taylor that he had decided to revoke Taylor's teaching certificate, Dr. Morton indicated that his decision was "[biased upon the authorities, the findings and recommendations of the Administrative Law Judge, and the documents contained in your certification file."